IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. PEREZ, SR.,  TONY B. VIGIL,
HAROLD PORTER and JAMES D. PORTER,

       Plaintiffs,

vs.                                                                         Civ. No. 03-361 JP/LFG

T. GLENN ELLINGTON, in his individual
capacity, and JAMES BURLESON, in his
individual capacity,

       Defendants.

MEMORANDUM OPINION AND ORDER

On November 21, 2003, the Plaintiffs filed Plaintiffs' Motion for Leave to File Second

Amended Complaint (Doc. No. 49).   Having reviewed the briefs and relevant law, the Court finds

that the Plaintiffs' Motion for Leave to File Second Amended Complaint should be granted.

A.  Background

The Plaintiffs are Native Americans who serve on the Nambe Pueblo Tribal Council.  The

Plaintiffs allege that on February 11, 2002, Defendant T. Glenn Ellington (the Secretary of the

New Mexico Taxation and Revenue Department during the time relevant to this lawsuit) and

Defendant James Burleson (Deputy Secretary of the New Mexico Taxation and Revenue

Department during the time relevant to this lawsuit) illegally issued jeopardy tax assessments of

over $4.6 million against each individual Plaintiff.  The Defendants issued the jeopardy tax

assessments to collect gasoline excise taxes and petroleum products loading fee taxes.  On April

23, 2002, the Defendants instructed their staff and auditors to issue an Abatement of Tax

Assessment for each jeopardy tax assessment made against the Plaintiffs.  The abatements were

back-dated so as to be retroactively effective as of March 12, 2002.

The Plaintiffs bring this lawsuit under 42 U.S.C. §§1983, 1981, and 1982.  The Plaintiffs allege in their first §1983 claim that the Defendants violated Plaintiffs' rights protected by the Fourteenth Amendment by intentionally engaging in racial discrimination.  ¶34 of First Amended Complaint (Doc. No. 3), filed April 2, 2003.  In addition, the Plaintiffs assert a §1983 claim based on the Defendants' alleged violation of Plaintiffs' right to procedural due process under the Fourteenth Amendment by not following the normal tax assessment and audit procedures.  *Id*. at 37.  The Plaintiffs also aver a §1983 claim based on the Defendants' alleged violation of the Equal Protection Clause of the Fourteenth Amendment by engaging in conduct which "was arbitrary, capricious, motivated by ill-will and personal vindictiveness and had no legitimate governmental purpose" and which was motivated by the Plaintiffs' association with a particular faction of the Nambe Pueblo Tribal Council.  *Id*. at ¶¶38 and 39.  Furthermore, the Plaintiffs present a §1983 claim based on the Defendants' alleged violation of Plaintiffs' First Amendment right to associate with a particular faction of the Nambe Pueblo Tribal Council.  Finally, the Plaintiffs allege that the Defendants violated 42 U.S.C. §§1981 and 1982 by engaging in intentional race discrimination.

The Plaintiffs now seek to add three additional Defendants under Fed. R. Civ. P. 15(a). The proposed Defendants are David Ferguson (Director of the Audit and Compliance Division of the New Mexico Taxation and Revenue Department during the time relevant to this lawsuit), Ricky A. Bejarano (Deputy Director of the Audit and Compliance Division of the New Mexico Taxation and Revenue Department during the time relevant to this lawsuit) and Javier Lopez (staff attorney for the New Mexico Taxation and Revenue Department during the time relevant to this lawsuit).  The Plaintiffs decided that they wanted to add Ferguson, Bejarano, and Lopez as

Defendants after having taken depositions in October and November 2003.

B.  Discussion

Rule 15(a) provides that a party may amend its pleadings only by leave of the court or by written consent of the adverse party, and that leave will be freely given when justice requires. Leave to amend should be granted unless the party opposing the motion has a made a showing of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss.  *See, e.g., Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  The grant or denial of a motion to amend is within the sound discretion of the trial court. *Foman*, 371 U.S. at 182.

The Defendants object to the Plaintiffs' motion to amend the First Amended Complaint on the basis of futility.  The Defendants note that they filed Defendants' Motion for Summary Judgment (Doc. No. 34) on October 29, 2003.[1]  The Defendants assert in their motion for summary judgment that Plaintiffs' racial discrimination claims should be dismissed based on qualified immunity.  The Defendants argue that since the evidence supporting qualified immunity is the same for the named Defendants as it is for Ferguson, Bejarano, and Lopez, the Court should either deny the Plaintiffs' motion to amend as futile or defer ruling upon the motion to amend until

---

[1]The Plaintiffs's response to the motion for summary judgment is not due until March 2, 2004.  Consequently, the motion for summary judgment is not fully briefed.

the motion for summary judgment is ruled upon.  The Defendants cite *Jurgevich v. McGary*, 63

Fed. Appx. 448 (10th Cir. 2003) to support their argument.

In *Jurgevich*, the *pro se* plaintiff filed a second motion to amend asking to be allowed to

add five defendants and to provide a more detailed recitation of the factual allegations.  *Id.* at 450.

The plaintiff stated that he wanted to add the five defendants because he made a mistake in

initially naming the proper parties and that the claims against the new defendants arose from the

same actions set forth in his original pleading.  *Id.*  The district court deferred ruling on the

motion to amend pending its decision on a summary judgment motion.  *Id.*  The district court

granted the motion for summary judgment ruling that the original defendants did not have the

requisite personal involvement needed to be sued.  *Id.*  The district court then dismissed the action

with prejudice without ruling on the plaintiffs' motion to amend.  *Id.*  The district court also

summarily denied the plaintiff's Fed. R. Civ. P. 59 motion requesting the district court to allow

him to amend his complaint to include the proper parties.  *Id.*  The Tenth Circuit noted that "at

the time the district court ruled on summary judgment, the futility in amending plaintiff's

complaint to name defendants that were more personally involved in his claim was readily

apparent.  Therefore, we conclude that the district court's failure to provide reasons for denying

the proposed amendment is harmless."  *Id*. at 452.

*Jurgevich* is distinguishable from this case for several reasons.  First, unlike the plaintiff in

*Jurgevich*, the Plaintiffs do not seek to correct a mistake in the naming of proper parties.  Instead,

the Plaintiffs just recently obtained discovery that they believe justifies the naming of the three

proposed Defendants.  Second, unlike the evidence supporting the motion for summary judgment

in *Jurgevich*, the evidence presented in support of the Defendants' motion for summary judgment

is not necessarily relevant or applicable to the proposed Defendants.  "Where a defendant's subjective intent is an element of plaintiff's claim and the defendant moves for summary judgment based on qualified immunity, the defendant must make a prima facie showing of the 'objective reasonableness' of the challenged conduct."  *Lewis v. City of Ft. Collins*, 903 F.2d 752, 755 (10th Cir. 1990)(citations omitted).  Accordingly, to show qualified immunity for the racial discrimination claims, each Defendant, including each proposed Defendant, would have to show that his own conduct was objectively reasonable.[2]  The evidence of objectively reasonable conduct by each proposed Defendant could, therefore, be different from the evidence presented by each of the named Defendants.  Third, unlike the *Juregevich* case, the Defendants' motion for summary judgment would not dispose of the entire case because it addresses only the Plaintiffs' claims based on racial discrimination.  The motion for summary judgment does not address the Plaintiffs' procedural due process claim, the equal protection claim based on the Defendants' conduct which was allegedly "arbitrary, capricious, motivated by ill-will and personal vindictiveness and had no legitimate governmental purpose," and the First and Fourteenth Amendment claims based on the Plaintiff's association with a particular faction of the Nambe Pueblo Tribal Council.  At this point in the proceedings the Court cannot conclude that the Plaintiffs' claims against Ferguson, Bejarano, and Lopez would be subject to dismissal and therefore would be futile.  Consequently, justice requires that the Plaintiffs be allowed to amend their First Amended Complaint.

---

[2]Plaintiffs' racial discrimination claims include an element of subjective intent.  *See id.* at 755 n.1 (§1981 claims and §1983 equal protection claims based on discrimination require purposeful discrimination); *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 822 (10th Cir. 1981)(§1982 claims require purposeful discrimination).

IT IS ORDERED that:

1.  Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 49) is granted; and

2.  the Plaintiffs have until March 1, 2004 to file and serve their second amended complaint.


_____
SENIOR UNITED STATES DISTRICT JUDGE