IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. PEREZ, SR.,
TONY B. VIGIL, HAROLD PORTER
and JAMES D. PORTER,

      Plaintiffs,

vs.                                      Civ. No. 03-0361 JP/LFG

T. GLENN ELLINGTON, JAMES
BURLESON, DAVID FERGESON,
RICKY A. BEJARANO, and JAVIER
LOPEZ, in their individual capacities,

      Defendants.

MEMORANDUM OPINION AND ORDER

On February 3, 2006, the Defendants filed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 135). Having reviewed the briefs and relevant law, the Court finds that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted.

A. Background

The Plaintiffs base this federal lawsuit on the following allegations: 1) Defendant Ellington through Defendant Burleson and upon the advice of Defendants Bejarano, Fergeson, and Lopez illegally issued jeopardy assessments of over $4.6 million against each individual Plaintiff to collect gasoline excise taxes and petroleum products loading fee taxes; 2) Defendant Bejarano untimely abated the jeopardy assessments; and 3) Defendant Bejarano untimely released the liens that resulted from the jeopardy assessments. The Plaintiffs brought this federal lawsuit

under 42 U.S.C. §§1983, 1981, and 1982.[1]

On June 28, 2004, the Court denied Defendants' motion for summary judgment as to Plaintiffs' §1983 claim alleging a First Amendment violation[2] and granted the motion for summary judgment as to all of the Plaintiffs' other claims.[3]  Partial Summary Judgment (Doc. No. 117). On July 6, 2004, the Defendants appealed the Court's Partial Summary Judgment on the ground that the Court erred in failing to grant Defendants' motion for summary judgment as to Plaintiffs' First Amendment violation claim brought under §1983.  On September 16, 2005, the Tenth Circuit Court of Appeals affirmed the Partial Summary Judgment.

Defendants now move to dismiss Plaintiffs' only remaining claim in this case, Plaintiffs' §1983 First Amendment claim, on the ground that the principle of comity applies and that the Court, therefore, does not have subject matter jurisdiction in this case.

B.  Discussion

Jurisdictional issues arise in federal §1983 cases brought against state taxation officials in two ways.  First, the Federal Tax Injunction Act (TIA), 28 U.S.C. §1341, provides:  "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under

---

[1] The underlying facts are set forth in this Court's Memorandum Opinion and Order (Doc. No. 116), filed June 28, 2004 at pages 2 through 14.

[2] The First Amendment claim is based on Plaintiffs' assertion that the Defendants' unlawful actions interfered with the Plaintiffs' right to associate with a particular faction of the Nambé Pueblo Tribal Council.

[3] Plaintiffs' other claims as to which the Court granted Defendants' motion for summary judgment were a class of one Fourteenth Amendment equal protection claim, Fourteenth Amendment equal protection claims based on racial discrimination and factional favoritism, a Fourteenth Amendment procedural due process claim, a Fourteenth Amendment substantive due process claim, and Plaintiffs' §§1981 and 1982 claims.

2

State law where a plain, speedy and efficient remedy may be had in the courts of such State." Second, in *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981), the United States Supreme Court held that "taxpayers are barred by the principle of comity from asserting §1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." In this case, the Defendants concede that this is not a TIA case and argue solely that comity bars the Plaintiffs from asserting their §1983 First Amendment claim in federal court.[4]

The Defendants rely primarily on two *post-McNary* Tenth Circuit cases to support their argument that comity should apply in this case: *Brooks v. Nance*, 801 F.2d 1237 (10th Cir. 1986) and *Heuser v. San Juan County Bd. of County Com'rs*, 162 Fed. Appx. 807 (10th Cir. 2006). *Brooks* and *Heuser* apparently are the only two cases the Tenth Circuit has decided which address the issue of comity with respect to federal §1983 actions brought against state or local taxation officials. The Plaintiffs argue that the Court should not rely on *Heuser* as precedent because it is an unpublished opinion. The Tenth Circuit disfavors citation to an unpublished opinion although it will allow citation of an unpublished decision if "(1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (2) it would assist the court in its disposition." 10th Cir. R. 36.3(B). Here, the issue of comity has been addressed in a

---

[4]Although the Defendants argue that this case should be dismissed on the basis of comity, the Plaintiffs respond to Defendants' argument by asserting that the TIA does not apply. The TIA, however, provides a separate and somewhat different basis for dismissing a federal §1983 case against state tax officials than the principle of comity. "[E]ven where the Tax Injunction Act would not bar federal-court interference in state tax administration, principles of federal equity may nevertheless counsel the withholding of relief." *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 525-26 n.33 (1981).

published opinion, namely, the published opinion in *Brooks*. Consequently, the Court will not consider *Heuser* in deciding this motion to dismiss.

*Brooks* involved a forfeiture of untaxed cigarettes by Oklahoma state tax commission officials and sheriff's deputies, and a subsequent federal §1983 action contesting that forfeiture. In discussing the issue of federal jurisdiction, the Tenth Circuit first found that the TIA deprived the federal court of subject matter jurisdiction. *Brooks*, 801 F.2d at 1240. The Tenth Circuit then concluded, after quoting from *McNary*, 454 U.S. at 111 and 116 n.8, that the principle of comity likewise barred the "action in federal court to redress the alleged unconstitutional administration of Oklahoma's tax system." *Brooks,* 801 F.2d at 1241.

In this case, the Plaintiffs are likewise attacking the Defendants' "unconstitutional administration" of New Mexico's tax system in which Defendants were able to wrongfully levy jeopardy assessments against the Plaintiffs in an alleged violation of the Plaintiffs' rights under the First Amendment. In addition, the State of New Mexico provided Plaintiffs with a "plain, adequate, and complete" remedy to contest the constitutionality of the jeopardy assessments levied against them. Specifically, the Plaintiffs could have brought their First Amendment claim under §1983 in state district court. *See McNary*, 454 U.S. at 116 (adequacy of state remedies was not an issue where the state supreme court "has expressly held that plaintiffs such as petitioners may assert a §1983 claim in state court."); *Garcia-Montoya v. State Treasurer's Office*, 2001-NMSC-003 ¶8, 130 N.M. 25 (New Mexico state court ruled on §1983 claims). Under these circumstances, the principle of comity prevents this Court from hearing Plaintiffs' First Amendment claim.

IT IS ORDERED that:

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 135) is granted; and

2. Plaintiffs' remaining claim, the First Amendment claim brought under §1983, will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE